JOHN N. BUSH *v.* SOUTHERN BREWING COMPANY.

AGENCY. *Employment of counsel. Implied liability of principal for fees.*

> Where the business of a non-resident is conducted in this state by an agent, who doubts whether it is subject to a privilege tax, and, to test the question, without consulting the principal, he proceeds to transact the business without paying the tax, and is indicted therefor, there is no implied obligation on the principal to pay counsel fees incurred in defense of the charge. In such case, a contract by the agent in the name of the principal to pay the fees does not bind the principal; and it is immaterial whether the privilege tax was lawfully demandable or not.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

*M. Marshall,* for appellant.

David was general manager for appellee in this state, transacting the business in appellee's name and with its

knowledge.    The powers of an agent extend to all necessary means of executing the business with effect.    Story's Agency, §§ 58–97; Wharton's Agency, § 126.    A general agent, carrying on business in a foreign country or in another state, is presumed to have authority to transact it in the forms and by the terms and according to the laws of that country or state.    Story's Agency, § 85; 1 Am. & Eng. Enc. L., 363. An agent acting under general authority binds his principal by any act done within the scope of his employment.    *Ib.*, 350.    And third persons may safely act on the faith of appearances created by the principal.    *Ib.*, 412, 414.    A general agent may employ others, where essential to the execution of his agency, or where the principal's business would otherwise suffer.    Wharton's Agency, §§ 30, 31, 579.    And may look directly to his principal.    *Ib.*, 349.

It was David's duty to pay a lawful tax on the business, and, if the tax was unlawful, to dispute it, and defend his principal against it.    The criminal prosecution was incurred in the discharge of his duty to his principal.

*Anderson & Russell*, for appellee.

The employment of appellant as counsel was clearly without the scope of David's agency.    While we concede that an agent may sometimes employ counsel—as, to collect debts, defeat unjust claims, etc.—there is no case, we believe, that holds that an agent may, without special instructions, employ counsel to defend the principal against criminal prosecutions. The case is stronger where the indictment is against the agent individually.

Cooper, J., delivered the opinion of the court.

In the year 1889, the appellee, resident in the state of Louisiana, established an agency in the city of Vicksburg for the sale of its manufacture (beer) in "original packages," brought into this state from Louisiana.    This agency was in charge of one Henry C. David.    The United States internal

revenue license was taken out, but whether the fee was paid by the appellee or by David is not distinctly shown. For the purposes of this decision, we assume it to have been paid by the appellee. The privilege tax ($50) imposed by the laws of this state upon dealers in malt liquors, was not paid, and the agent, David, was indicted for transacting the business without having first paid such tax. The appellant, Bush, was employed by David, in the name of the Southern Brewing Company, as an attorney at law to defend him on the charge preferred. David was tried and convicted, and was preparing to bring his case by appeal to this court, when he died, and the prosecution was thereby abated. The appellant thereupon presented his account for professional services in defending David to the appellee, who denied liability therefor, whereupon this suit was instituted to enforce payment.

On the trial, the plaintiff introduced evidence tending to prove the facts above set forth, and also to show that the agent, David being in doubt as to the liability of his principals for the tax imposed, it being, as it was contended, engaged in interstate commerce, consulted with the district attorney in reference thereto, who thereupon submitted the matter to the attorney-general of the state, who advised that until the question should be determined by the courts, payment of the tax should be insisted on. Thereupon, as it is stated in the testimony, to determine the question, the district attorney caused an indictment to be found against David.

It does not appear that the appellee was notified by David of the course of events, or that he had any express authority to engage counsel to defend him at its expense.

The above facts having been proved by the plaintiff, and also that the sum for which suit is brought was a reasonable fee, the plaintiff rested his case, whereupon the defendant asked the court to instruct the jury to find a verdict in its favor, which was done, and the plaintiff appeals.

We do not dissent from the principles of law propounded

by counsel for appellants, but we fail to perceive their applicability to the facts of this case. Whether the proposition be stated in the form that an agent may bind the principal by contracts within the scope of his agency, or that an agent may secure indemnity from the principal for any loss or injury suffered by him for doing an act, apparently lawful, under the direction of the principal, we assent to its correctness. But, though the principle as stated be correct, it profits the plaintiff nothing unless the facts of his case entitle him to its application.

Assuming, first, that the business of the principal was an unlawful one, because the tax imposed by our law had not been paid, the agent was neither entitled to indemnity against the consequences of indictment and conviction nor for indemnity against the expense incurred for fees of counsel, for the reason that one may not appoint an agent to violate the law. One engaging as agent for another to transact a business prohibited by law, and who is proceeded against for doing the prohibited act, can have no recourse against his principal for indemnity. *Ex turpi causa non oritur actio.*

On the other hand, if the business transacted was a lawful one, the principal was under no obligation, express or implied, to defend the agent against an unjust and baseless prosecution for engaging in it. The agent knew as well as the principal the character of the business in which he was employed. He appreciated the danger of indictment for transacting it without first having paid the tax imposed by law, and consulted the representative of the state upon the probable result, and was, it must be assumed, informed that an indictment would be presented unless the tax was paid. It is not suggested by the evidence that the principal was informed that the agent would proceed without payment of the tax in order that a test case might be made for the decision of the question. The agent and the district attorney were the only parties to the arrangement for an indictment, if one was agreed on, and we are unable to perceive upon

what ground indemnity could be awarded to him for the expenses incident thereto.

As we have said, the question involved is whether the contract between the agent and the appellant was within the scope of the agency, and if the agent might not have secured indemnity against the principal if he had paid the fee due to the appellant, he could not bind the principal by contracting in his name with the attorney for services to be rendered in his defense.

<em>The judgment is affirmed.</em>